IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 1:15cr0038 |
| vs. | JUDGE CHRISTOPHER A. BOYKO |
| DAVID WAYNE VICKERS,<br>Defendant. | *Position With Respect to Sentencing Factors* |

## DEFENDANT DAVID VICKER'S POSITION WITH RESPECT TO SENTENCING FACTORS

COMES NOW the defendant, David Wayne Vickers, by undersigned counsel, Greg D. McCormack and Jarrett L. McCormack and in accordance with § 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guidelines sentencing, respectfully states the following:

## APPLICATION OF THE 18 U.S.C. §3553 SENTENCING FACTORS SUPPORT A VARIANT SENTENCE

Pursuant to the provisions of §5K2.0(b) of the Federal Sentencing Guidelines Manual, and the factors to be considered in imposing a sentence as set forth in 18 U.S.C. §3553 (b) (2) (A)(ii), the defendant, David Wayne Vickers, by counsel, respectfully submits his request that the Honorable Court grant a significant variance from the applicable sentencing guidelines to impose a sentence which is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth at 18 U.S.C. §3553(a)(l ) and (2). For the reasons stated below, counsel for David Wayne Vickers submits that the appropriate sentence in this matter is within a range of 262 to 327 months of confinement and supervised release for life.

While the Court must consider the Guidelines calculation as part of the sentencing process, the Guidelines merely "serve as one factor among several courts must consider in determining an appropriate sentence." *Kimbrough v. United States, 552 U S. 85, 90 (2007).* Rather than simply

impose a sentence within the Guidelines range, the Court must consider the whole range of factors listed in 18 U.S.C. §3553 and determine the sentence that is "sufficient, but not greater than necessary" to accomplish the goals of sentencing. *Id.* at 101 (quoting 18 U.S.C. §3553). Indeed, the Court may not even "presume that the Guidelines range is reasonable, but must make an individualized assessment based on the facts presented." *Gall v. United States,* 552 U.S. 38, 50 (2007). The sentencing court has wide latitude to impose a sentence below the Guidelines range, "perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or perhaps because the case warrants a different sentence regardless." *Rita v. United States,* 551 U.S. 338, 351 (2007). Here, the 18 U.S.C. §3553(a) factors overwhelmingly support a sentence far below the suggested Guidelines Range. A sentence of within a range of 262 to 327 months, with supervised release for life, would be "sufficient, but not greater than necessary" to satisfy the statutory factors.

### **DEFENDANT'S HISTORY AND CHARACTERISTICS: 18 U.S.C. § 3553 (a)(1)**

When considering David's history and characteristics, it is incumbent to begin with his upbringing and family life. As referenced in the attached character letters from his family and close friends, David was raised in a loving and close-knit home environment. David is one of two children born to Edgar Wayne Vickers and Mary Vickers, whom passed away in 2013. David's father, Wayne Vickers, was employed for over 35 years with the United States government as a cartographer in a manager capacity. His mother, Mary Vickers, was employed by the Central Intelligence Agency (CIA), until David was born in 1973, at which time she transitioned to stay at home to care for the children until her return to work for the CIA in 1985. David and his sister, Kellee Vickers, were raised in an upper-middle income neighborhood in Herndon, VA, located in Fairfax County. The close-knit familial environment was promoted both by his mother's staying home with the children, as well as his father's working close-by the home which afforded him the opportunities to be a full participant in school and home activities with both David and Kellee. Kellee is 45 years old and lives in Sterling, Virginia with their father, where she is employed as a dog groomer. David and Kellee have remained close throughout their lives.

McCormack & McCormack
Attorneys at Law
611 Lynnhaven Parkway, Suite 100
Virginia Beach, VA 23452

As noted in Wayne Vickers' letter, David's life has been replete with obstacles which he has worked hard to overcome. From the age of three, David has worked through a learning disability, participating in special education classes from pre-school through college, which ultimately led to him graduating high school and earning an Associate's Degree, followed by a Bachelor's Degree from George Mason University. This inspiring work ethic led to his steady and continuous employment – beginning with delivering newspapers at the age of eight and continuing with his career in foodservice. David's interest in the foodservice industry carried him through more recent years, wherein he invested in several restaurant opportunities that unfortunately failed. Additionally, for a period between 2008 and 2010, David was self-employed as a restaurant consultant. As noted in the Pre-Sentence Report, while David's employment the past fourteen years has not been continuously with one employer or one position, he has steadfastly maintained employment, providing for his family.

David's obstacles as they relate to any learning disability or employment continuity and success, however, sadly pale in comparison to the hard times that hit him in 2007 where it hurt the worst -his family. In December 2007, David's mother Mary was diagnosed with early onset Alzheimer's disease. Being as close to his mother as he was, the diagnosis took an extreme toll on David, as it did on Kellee and Wayne Vickers. The disease ravaged Mary's mind, and within just a few years of the diagnosis, she was spending her final two years in an assisted living home. David was a faithful visitor, remaining by his mother's side until the very end, and would often bring his daughter Lauren on visits and occasional his son Jake. At the end of Mary's life, David's wife Dana would also come to visit Mary with David and the children. As is evident in the various character letters, losing his mother and best friend took a terrible toll on David. After his mother's passing in 2013, David's bond with his father and sister grew. Wayne Vickers has remained a steady presence in his son's life, and David in Wayne's. It is important to note Wayne's continuous presence in the courtroom, standing fast in support of his son through the toughest moments of trial, and returning for sentencing. Wayne has also remained incredibly active and supportive throughout counsels' representation of his son -ready to do as needed on the drop of a dime. The impact that these events have had on Wayne are as readily apparent as they are tragic.

David was married in 2001 to Dana Pyles, who is a director for an advertising firm. They have two children together, Lauren and Jacob Vickers. David's father notes in his character letter how proud he was to see his son caring for his two children. The admiration went so far as causing

McCormack & McCormack
Attorneys at Law
611 Lynnhaven Parkway, Suite 100
Virginia Beach, VA 23452

Wayne to wishing that he had helped Mary more with David and Kellee when they were younger. Outside of the childhood learning disability, David has not experienced any diagnoses of mental health issues prior to his arrest in this matter. Since his incarceration, David has experienced significant depression and anxiety and has been taking Zoloft as prescribed since March 2015 which has helped calm him. David has indicated that he is open-minded to participating in mental health treatment while incarcerated. David has no history of illegal drug use or prescription drug abuse. As noted in the Pre-Sentence Report, alcohol consumption has been a factor in David's life since the age of 16, with a significant increase over the six months prior to his arrest without a rational explanation.

As is all too common in cases of this nature, David Vickers is himself a victim of child sex abuse/molestation as referenced in the letter of his father. After David was arrested, counsel learned that he had been molested when he was approximately age 10 by an adult male he met at a skate board park over a period of approximately three years. David's father comments in his letter as to how his failure to know this as his son was growing up could have possibly played a factor in David being in the situation he is in today.

Prior to the instant offenses, David has never had any criminal convictions, outside of minor traffic infractions. In his 42 years, David has maintained a completely clear criminal history, resulting in his criminal history category of I for sentencing guidelines computation purposes.

It is well recognized in consideration of the sentencing factors under 18 U.S.C. §3553 that family ties "are pertinent to crafting an appropriate sentence." *United States v. Nellum,* No. 2:04-CR-30, 2005 BL 88941, at *4 (N.D. Ind. Feb. 3, 2005). As reflected in the attached character letters, and noted above, David has an extremely close bond with his father and sister. In determining the particular sentence to be imposed, 18 U.S.C. §3553 (a)(l) requires consideration of the "history and characteristics of the defendant." *See United States v. Myers,* 353 F. Supp. 2d 1026, 1031 (S.D. Iowa 2005) (imposing non-Guidelines sentence where defendant had "been a steadfast and guiding presence his family's life"). *See, e.g., United States v. Schroeder,* 536 F.3d 746 (7th Cir. 2008) (remanding for resentencing where the sentencing court did not address defendant's claim of extraordinary family circumstances: "[w]hen a defendant presents an argument for a lower sentence based on extraordinary family circumstances, the relevant inquiry is the effect of the defendant's absence on his family members"). *See also Benkahla,* 501 F. Supp. 2d. at 760 (awarding downward variance based on, among other things, defendant's "strong,

– 4 –

positive relationships with friends, family and the community."); *United States v. Harding*, No. 05 CR 1285-02, 2006 WL 2850261, at *5 (S.D.N.Y. Sept. 28, 2006) (awarding a below Guidelines sentencing taking "note of the significant network" ready to support the defendant.) As is apparent from the letter David's father, David's absence from home has and will continue to have a profound impact upon his health and wellbeing as he ages. David's father is deeply entrenched in the efforts to provide David support while he is incarcerated and that support will continue in full force until he can come home to him. The steadfast and guiding presence of his family is a proper consideration in imposing a below-Guideline sentence. *See United States v. Myers*, 353 F, Supp. 2d. 1026, 1031 (S.D. Iowa 2005).

Counsel for the Defendant feels compelled to comment upon the history of this Defendant as displayed in these court proceedings, in as much as counsel submits it should be given due consideration in determination of an appropriate sentence in this case. It is clearly apparent that Mr. Vickers has struggled extensively with his emotions and outside influence as reflected by his withdrawal from a pretrial agreement on the date he was to enter his guilty pleas, against his counsel's advice, in the presence of his father. The loss of his wife and children has taken an immense toll upon him, which from counsel's observations has played a significant factor in Mr. Vickers decisions he has made during the course of these proceedings.

### THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSES: 18 U.S.C. §3553(a)(2)(A)

Based upon the mitigating aspects of the defendant's characteristics and history as described above, the defendant respectfully submits that a sentence of confinement within a range of 262 to 327 months, with supervised release for life is sufficient, but not greater than necessary, to satisfy the factors in §3553 (a)(2)(A). The question becomes one of what amount of imprisonment under the circumstances of this case, and those of the defendant, is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.

A sentence of confinement within a range of 262 to 327 months with supervised release for life is not an insignificant period of time. The defendant's father is 69 years of age, his sister is 45. With the best of circumstances, Wayne Vickers hopes and prays to have the opportunity to spend

McCormack & McCormack
Attorneys at Law
611 Lynnhaven Parkway, Suite 100
Virginia Beach, VA 23452

some time with his son before he passes from this world. His sister, Kellee, likewise wants to be a part of David's life. His children, Lauren and Jake are at this point in a situation where their father has been taken totally out of their lives, yet maybe someday, when they are adults, they will have an interest in meeting their father and learning who he is. There is much more to this man than the person who stands before this Honorable Court for sentencing. Regardless of the sentence imposed, in addition to the actual imprisonment and passage of time, the defendant will continue to serve a lifetime of punishment. This punishment comes in the form of being a convicted felon, a registered sex offender, subjected to the intense supervision of federal probation, and as a combined result, undoubtedly will be the subject of scorn of society.

    First, the defendant will be a convicted felon. Upon his potential release close to the usual retirement age, the defendant's job opportunities will be further hindered by his status as a convicted felon. His opportunities for employment, purchasing or leasing a residence, socialization, voting, and various other elements of daily life will be radically restricted in light of his status as a convicted felon.

    Second, the defendant must register as a sex offender for the rest of his life. This, as is the case with being a convicted felon, will follow him wherever he goes for the rest of his life. David will never be able to escape the stigma that is attached to the registered sex offender status – the modern-day equivalent to being branded with a scarlet letter. His name, home address, employment, and any education he wishes to pursue will be open and available to all those who do a simple online search.

    Third, the defendant's family and close support network is rapidly whittling down to nothing. Having recently lost his mother, and losing his wife and children, the only immediate family members David has to rely on for support are his father and sister. As noted above, Wayne Vickers would be 84 years old upon David's release even if he were sentenced to the mandatory minimum sentence that this Honorable Court can impose. Realistically, even under a mandatory minimum sentence, upon his release David would likely only have his sister to return to. David's is unlikely to see or hear from his children until, at the very least, they are no longer minors. The defendant's opportunities to forge new relationships or friendships upon his release would be limited, at best. He would feel, likely accurately, that every person in public would immediately know of his felon and sex offender status and keep their distance.

McCormack & McCormack
Attorneys at Law
611 Lynnhaven Parkway, Suite 100
Virginia Beach, VA 23452

The defendant, even as he sits in his jail cell awaiting sentencing, has already lost everything. His career hopes, his natural family as well as his own wife and children, his reputation, and his flawless criminal record have all been wiped away. The defendant submits that the totalities of these punishments are enough to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.

### THE NEED FOR THE SENTENCE IMPOSED TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT: 18 U.S.C. § 3553 (a)(2)(B)

The defendant respectfully incorporates herein, by reference, his above argument pursuant to 18 U.S.C. § 3553 (a)(2)(A). All of the aforementioned punishments inherent with these convictions alone, along with confinement in a range of 262 to 327 months, with supervised release for life, similarly applies to the general deterrence factor in 18 U.S.C. § 3553 (a)(2)(B). Other potential offenders would be adequately deterred seeing the defendant's liberty being restricted for such a period of years, the loss of his family, and the lifelong penalties associated with being a convicted felon and registered sex offender, as well as being ostracized from society.

### THE NEED FOR THE SENTENCE IMPOSED TO PROTECT THE FUTURE FROM FURTHER CRIMES OF THE DEFENDANT: 18 U.S.C. § 3553 (a)(2)(C)

The issue of specific deterrence is a sentencing factor for consideration under 18 U.S.C. § 3553 (a)(2)(C). The empirical evidence is unanimous that there is no relationship between sentence length and general or specific deterrence, regardless of the type of crime. *See* Andrew von Hirsch *et al.*, *Criminal Deterrence and Sentence Severity: An Analysis of Recent Research* (1999) (concluding that "correlations between sentence severity and crime rates . . . were not sufficient to achieve statistical significance," and that "the studies reviewed do not provide a basis for inferring that increasing the severity of sentences generally is capable of enhancing deterrent effects"); Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research 28-29 (2006) ("[I]ncreases in severity of punishments do not yield significant (if any) marginal deterrent effects. . . . Three National Academy of Science panels reached that conclusion, as has every major survey of the evidence."); David Weisburd *et al.*, *Specific Deterrence in a Sample of Offenders Convicted of White-Collar Crimes*, 33

Criminology 587 (1995) (finding no difference in deterrence for white collar offenders between probation and imprisonment); Donald P. Green & Daniel Winik, *Using Random Judge Assignments to Estimate the Effects of Incarceration and Probation on Recidivism among Drug Offenders*, 48 Criminology 357 (2010) (study of over a thousand offenders whose sentences varied substantially in prison time and probation found that such variations "have no detectable effect on rates of re-arrest," and that "[t]hose assigned by chance to receive prison time and their counterparts who received no prison time were re-arrested at similar rates over a four-year timeframe").

The Sentencing Commission has found that "[t]here is no correlation between recidivism and guidelines' offense level. . . . While surprising at first glance, this finding should be expected. The guidelines' offense level is not intended or designed to predict recidivism." U.S. Sent'g Comm'n, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 15 (2004) ["U.S. Sent'g Comm'n, *Measuring Recidivism*"]. *See also* Part IV.A.3, *infra*. And according to "the best available evidence, . . . prisons do not reduce recidivism more than noncustodial sanctions." Francis T. Cullen *et al., Prisons Do Not Reduce Recidivism: The High Cost of Ignoring Science*, 91 Prison J. 48S, 50S-51S (2011).

Unquestionably, a sentence to confinement for a period within a range of 262 to 327 months, with supervised release for life, would serve as sufficient deterrence to Mr. Vickers.

## SUMMATION

The defendant David Vickers is before this Honorable Court for determination as to an appropriate sentence for the offenses of distributing numerous computer files containing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. 2252(a)(2), attempting to persuade, induce, entice and coerce an individual who had not attained the age of eighteen (18) years to engage in illegal sexual activity with him in violation of 18 U.S.C. 2422(b) and traveling from the Commonwealth of Virginia to the State of Ohio for the purpose of engaging in illicit sexual conduct with a person under thirteen (13) years of age in violation of 18 U.S.C. 2423(b).  While the Defense is cognizant of the applicable sentencing guideline range of life imprisonment, it is respectfully submitted that based upon the history and characteristics of Mr. Vickers, an appropriate sentence for David Vickers, taking into account

McCormack & McCormack
Attorneys at Law
611 Lynnhaven Parkway, Suite 100
Virginia Beach, VA 23452

all of the applicable sentencing factors, is confinement for a period within a range of 262 to 327 months, with supervised release for life and that said proposed sentence is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth at 18 U.S.C. §3553(a)(2).

Attached to this position paper are documents that the defendant respectfully requests be reviewed by the Honorable Court prior to the sentencing hearing, as follows:

A.  **Character Support Letters**:

   1. Letter from Dawn Dunn
   2. Letter from Gary Rutledge
   3. Letter from Thomas Vickers
   4. Letter from Evelyn Baldwin
   5. Letter from Kellee Vickers
   6. Letter from Wayne Vickers

B.  **College Diploma from George Mason University**

C.  **Photographs**

                                           **DAVID WAYNE VICKERS**

                                           By //s// Greg D. McCormack_____
                                               Of Counsel

                                           Greg D. McCormack, Esq.
                                           Ohio Registration No: PHV-6113-2015
                                           Virginia State Bar No. 20112
                                           Attorney for David Wayne Vickers
                                           McCormack & McCormack
                                           Attorneys at Law
                                           611 Lynnhaven Pkwy, Suite #100
                                           Virginia Beach, Virginia 23452
                                           Phone: 757-463-7224
                                           Fax: 757-463-5171
                                           gdm@militarylawyers.org

Jarrett L. McCormack, Esq.
Ohio Registration No: PHV-7687-2015
Virginia State Bar No. 80675
Attorney for David Wayne Vickers
McCormack & McCormack
Attorneys at Law
611 Lynnhaven Pkwy, Suite #100
Virginia Beach, Virginia 23452
Phone:  757-463-7224
Fax:  757-463-5171
jlm@mccormackpc.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March, 2016, a copy of the foregoing Position With Regards to Sentencing Factors will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

//s// Greg D. McCormack
Greg D. McCormack, Esq.
Ohio Registration No: PHV-6113-2015
Virginia State Bar No. 20112
McCormack & McCormack
Attorneys at Law
611 Lynnhaven Pkwy, Suite #100
Virginia Beach, Virginia 23452
Phone:  757-463-7224
Fax:  757-463-5171
gdm@militarylawyers.org
*Counsel for David Wayne Vickers*

//s// Jarrett L. McCormack
Jarrett L. McCormack, Esq.
Ohio Registration No: PHV-7687-2015
Virginia State Bar No. 80675
McCormack & McCormack
Attorneys at Law
611 Lynnhaven Pkwy, Suite #100
Virginia Beach, Virginia 23452
Phone:  757-463-7224
Fax:  757-463-5171
jlm@mccormackpc.com
*Co-Counsel for David Wayne Vickers*