# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.    1:15CR38** |
| | ) | **1:18CV46** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **SENIOR JUDGE** |
| **vs.** | ) | **CHRISTOPHER A. BOYKO** |
| | ) | |
| **DAVID W. VICKERS,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant-Petitioner.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Before the Court is Defendant Vickers' Motion for Relief from Judgment under Civil Rule 60(b).  (Doc. 72).  Defendant's Motion stems from the Court's denial of his Motion to Vacate under 28 U.S.C. § 2255.  (Doc. 67).  Defendant appealed the Court's denial, but the Sixth Circuit declined to issue Defendant a certificate of appealability.  (Doc. 71).

Roughly ten months after the Court's denial of the § 2255 Motion, Defendant mailed his Motion under Rule 60(b).  (Doc. 72).  He claims that the Court's denial was predicated on a series of falsities advanced by the Government in its Opposition.  He also claims that the Government's Opposition presented new evidence that was not previously disclosed to Defendant prior to trial.  (*Id.*).  The Government opposed Defendant's Rule 60(b) Motion.  (Doc. 75).  According to the Government, Defendant's Motion is a second or successive § 2255 Motion and it should be transferred to the Sixth Circuit for authorization.  (*Id.*).

The Court agrees in part with the Government.  Defendant's Rule 60(b) Motion raises two issues: (1) new evidence contained in the Government's § 2255 Opposition; and (2) fraudulent statements that the Government made in its briefing.  With respect to the first issue, the Court agrees with the Government that this is a second or successive petition under the

habeas rules.  Rule 60(b)'s applicability in the habeas context is nuanced.  It applies only "to the extent that [it is] not inconsistent with" the relevant statutory-habeas provisions.  28 U.S.C. § 2255, Rule12.  The relevant statutory provisions here are 28 U.S.C. §§ 2244(b)(1) – (3), which impose restrictions on second or successive habeas petitions.  *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).  The Supreme Court in *Gonzalez* summarized these provisions in context with Rule 60(b) with three important considerations:

- First, a Rule 60(b) motion that seeks to add a new ground for relief qualifies as a second or successive petition under the habeas rules.

- Second, if a Rule 60(b) motion attacks the merits of a court's prior resolution, it effectively brings a claim under the substantive provisions of the habeas statutes.

- Third, if a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceeding" rather than the substance of the court's resolution, it is not a second or successive petition under the habeas rules and the Court may consider the motion.

*Gonzalez*, 545 U.S. at 532.

Defendant's Rule 60(b) Motion regarding the new evidence is a second and successive petition as outlined above.  It both presents the same 'new evidence' that the Court considered in its Order denying § 2255 relief and presents a new claim of 'new evidence' that the Defendant claims the Government willfully suppressed. Thus, Defendant's Rule 60(b) Motion concerning the new evidence is a second or successive § 2255 Motion under both the first and second prong of *Gonzalez* as discussed above.

The other aspect of Defendant's Motion asserts that the Government made various fraudulent statements in its § 2255 Opposition.  But the alleged statements were legal positions, which are not fraudulent under Rule 60(b).  *See Lindsey v. U.S.*, 532 F. Supp. 2d 144, 147 (D.D.C. 2008) (citing *Roger Edwards, LLC v. Fiddes &Son Ltd.*, 427 F.3d 129, 137 (1st Cir. 2005)) (The assertions of legal positions are not what Rule 60(b)(3) means by 'fraud or

- 2 -

misstatement').  Moreover, none of the Government's positions prevented Defendant from "fully and fairly presenting [his] case."  *Abrahamsen v. Trans-State Exp., Inc.*, 92 F.3d 425, 429 (6th Cir. 1996); *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 421 (1923) ("in any case to justify setting aside a decree for fraud whether extrinsic or intrinsic, it must appear that the fraud charged really prevented the party complaining from making a full and fair defense").  The closest claim that Defendant makes to reach this threshold is that the Government certified that it mailed a copy of its Opposition to Defendant when it never did.  But the Court previously considered this argument and denied Defendant's request due to his own delay.  (*See* Non-Doc. Order dated 6/18/2018).  The Sixth Circuit also considered this argument and likewise found it without merit.  (Doc. 71, PageID: 1320).  As such, Defendant had the opportunity to raise these alleged fraudulent statements in a Reply but never did because of his own inaction.  *See Hood v. Hood*, 59 F.3d 40, 43 (6th Cir. 1995) (No fraud based on alleged misrepresentation of facts when opposing party had opportunity to raise the issue but neglected to do so).  Accordingly, Defendant's Rule 60(b) Motion predicated on the fraudulent acts of the Government is without merit.

Accordingly, the Court **DENIES** Defendant's Motion predicated on the Government's fraud.  Regarding Defendant's new evidence argument, the Court **TRANSFERS** Defendant's Motion to the Sixth Circuit for a determination of whether it meets the requirements of 28 U.S.C. § 2244(b).

**IT IS SO ORDERED.**

   s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: December 28, 2021**